# GEORGE L. ELKINS

*v.*

# PEOPLE OF PORTO RICO.

San Juan, Law, No. 622.

## ACTION FOR PERSONAL INJURIES.

1. As a general proposition, notwithstanding the language of § 7 of the Foraker law, 31 Stat. at L. 77, chap. 191, the people of Porto Rico cannot be sued without their consent.

2. Under § 404 of the Political Code of Porto Rico of 1902, the people of Porto Rico have given their consent to be sued, and thereunder they are liable in damages for injuries to persons or property occurring through a defect, or want of repair, or of sufficient protection, in or upon an insular highway in charge of the bureau of public works, except where it shall be proved that such defects were caused by violence of the elements, and that there had not been ample time in which to remedy them.

3. In the trial of a case arising under that section of the law, the same rules with reference to proofs and liability obtain as if the cause was between individuals.

4. In cases where the people of Porto Rico have permitted themselves to be sued all the court can do is to enter a judgment on the verdict, or sign the decree, leaving the question to be settled when it arises as to how the judgment or decree is to be satisfied.

Case tried November 27, 1909.

---

*Messrs. Sweet & Wilcox,* for plaintiff.

*Messrs. J. Henri Brown* and *W. N. Landers,* Assistant Attorneys General of Porto Rico, for defendant.

For the facts in this case, see ante, p. 103, this same book, where the opinion of the court on demurrer fully sets them forth.

RODEY, Judge, gave the following instructions to the jury:

This is a historical case we are trying. A much more important issue than is now before us has already been passed upon by the court itself, after full argument by counsel for the respective parties. It is the first case where the question as to whether the people of Porto Rico can be sued without their consent has been determined, and, as you will see by the opinion in the files, it has been settled so far as this court is concerned that they cannot, as a general proposition, be sued without their consent, but when settling that issue the court held that, under § 404 of the Political Code of 1902, the people of Porto Rico had given their consent to be sued in this particular kind of a case. That section reads as follows: "That the people of Porto Rico shall be liable for injuries to persons or property occurring through a defect, or want of repair, or of sufficient protection,

in or upon an insular highway in charge of the bureau of public works, except where it shall be proved that such defects were caused by violence of the elements, and that there had not been ample time in which to remedy them."

From this you will see that the right to maintain this action is based upon the words of the statute permitting it, for want "of sufficient protection," because, certainly, if the insular authorities let a wire belonging to their telegraph line hang down over this road, and if the island cannot prove that such dangerous position of the wire was "caused by violence of the elements" and that "there had not been ample time in which to remedy" it, then the defendant is clearly liable for any damage that may have occurred to the plaintiff, provided the plaintiff himself is free from fault in and about the occurrence, because negligently and carelessly leaving that wire there is certainly a want of sufficient protection in and about that highway.

It is fundamental in the law that no person can recover for his own wrong or negligence when that is the proximate cause of the injury. Therefore, if you believe from a preponderance of the evidence that either the plaintiff, or his companion in the automobile in question, either because of the speed at which they were going or because of the condition of either or both of them at the time, did not see any warning that was being given them against the danger in question, if you believe from a preponderance of the evidence that such warning was being given them, or that they did not for such reason see the wire itself, even though no other warning was given them, then you should find for the defendant, because the plaintiff has no cause of action here.

It is also fundamental in law that the burden is upon every

plaintiff to prove his case to your satisfaction by a preponderance of the evidence, and when he fails to do so, the law does not require you to find for him but commands you to find against him.

You are instructed that after it has been established by the plaintiff by a preponderance of the evidence that this defect did exist in and by the wire hanging in such dangerous position across the road, then the burden is upon the defendant to show by a preponderance of the evidence that such lack of sufficient protection to the highway was caused by violence of the elements, and that there had not been ample time in which to remedy it, or else the plaintiff, if free from negligence of himself or his companion, would be entitled to recover.

But you are instructed that, even though you shall believe from a preponderance of the evidence that the wire being in the position referred to was not caused by the elements, and that the island has made no proper defense in that regard, still, even though such wire was there carelessly, and by the negligence of the defendant, the plaintiff cannot recover if he could have avoided the accident by the exercise of ordinary care upon his own part.

In this regard, you are instructed that the negligence of Dr. Moret, if you believe from a preponderance of the evidence that he was guilty of any, can be imputed to, and is the negligence of the plaintiff just as well as the plaintiff's own negligence can be imputed to him, because it was the duty of both of them to have exercised their faculties as prudent people should do in and about the use of any highway, and if their failure to exercise such ordinary care and prudence was the proximate cause of the injury to them, then you should find for the defendant, ir-

Elkins v. People.

respective of whether the defendant negligently left the wire hanging over the road or not. But you are instructed that if you believe from a preponderance of the evidence that the defendant carelessly left this wire hanging over the road in the way indicated, and the same was not caused by the violence of the elements, and that the defendant did not take proper precaution while mending the wire to protect the public against accidents because of the same being in such position, and that the plaintiff and his companion exercised proper care in and about the use of the road, then the plaintiff is clearly entitled to recover under the statute in question for the injury caused, and, in assessing the damages in his favor, you must find from the evidence the damage to the automobile and the injury to the plaintiff himself, and in that regard you must consider all the evidence as to the extent of his injury, the pain and suffering he endured, or is liable to endure, and the loss, if any, of his time, and for medical treatment, etc., and fix the amount of the total damages to be awarded to him within the amount of $5,800 which he has sued for. These amounts which plaintiffs in damage suits ask for in their complaints are only a limit beyond which courts or juries cannot go in finding in their favor, and it is no indication that they are entitled to such sum, or in fact to any sum at all, unless the facts and the law shall warrant it.

You are instructed that juries should be careful in damage suits, on the one hand, to compensate every person to whom a wrong has been done, and, on the other hand, to prevent plaintiffs from speculating upon such unfortunate occurrences, and you should not, in fixing the damages where, as in this case, no malice has been shown, grant to the plaintiff any punitive dam-

ages or "smart money" because that is not in such cases permitted by the law.

It is presumed that you will consider all the facts and circumstances in this case in the light of the law here given you by the court, and that your acquaintance with either of the parties, or their attorneys, will not affect your judgment to any extent in determining the issues. Neither of the parties, nor their attorneys expect anything from you but common justice and right in the cause, and it would not be a compliment to your character or your intelligence for them to do otherwise. You alone are bound by your oaths to render a fair and impartial verdict as an arm of this court in this case, and what you find must satisfy all parties concerned.

You are the sole and absolute judges of the weight of the evidence, and of the credibility of the witnesses, and you have the right to discredit the whole or any portion of the testimony of any witness as you may believe him to have wilfully sworn falsely in the case.

It is hoped that you will arrive at a verdict. In a civil case like this it is expensive to the parties to have a jury disagree, and to have to go through this work a second time, because where you fail to agree the cause goes back on the docket for another trial at some future time.

In civil cases you find facts or decide the whole case on a preponderance of the evidence, but that does not mean that you must decide for the party having the most witnesses, or who has introduced the greater number of exhibits in the case, but it simply means the side upon which truth, right, and justice preponderate to your minds as sensible and practical men of affairs.

Elkins v. People.

You are instructed that you must treat the parties to this action as though they were both individuals. The fact that one is an individual and the other is the people of Porto Rico must cut no figure whatsoever in your deliberations. They have exactly equal rights before you in this court.

You are further instructed that contributory negligence is the failure to use that ordinary care and diligence that would be expected of an ordinarily intelligent person, under like circumstances, to avoid an injury, and this definition applies to the acts of both parties in this case. Thus, on the one hand, if you find from a preponderance of the evidence that the defendant was negligent in leaving the wire where it was, still if you further find that the plaintiff or his companion did not exercise that ordinary care and diligence to prevent the injury to themselves that would be expected of ordinarily prudent persons situated as they were, then you should find for the defendant, because the plaintiff and his companion had the last clear chance to avoid the injury.

You are further instructed that if you believe from a preponderance of the evidence that the agents of the defendant, while fixing this wire, did take proper precautions such as a person of ordinary prudence would take to guard against people using the road being injured, such as by putting up flags or otherwise warning approaching vehicles, then that would relieve the defendant from all responsibility, and the fact that the plaintiffs, because of the speed at which they were going, or the condition of one or both of them, or from any other cause, did not see the signals given, because of the failure to exercise their faculties, then the defendant is also relieved and you should find in its favor. But on the other hand, if you believe

Elkins v. People.

from a preponderance of the evidence that the signals were not, in fact, given, or else, if given, that they were of such a character as not to attract the attention of people of ordinary intelligence, and that the plaintiff was at the time making a proper use of the road, and .exercising ordinary care, then you should unhesitatingly find for the plaintiff, and assess the damages as herein instructed.

You are further instructed that while you cannot take into consideration, and you are not trying the issues of any accident but the one in question, still you may take into consideration the evidence of the condition of the telegraph line in question a short time previous, as tending to show the sort of care that was taken of it, but the actual occurrences at the time and just immediately previous to the accident are what must govern you as to occurrences at such time.

Two forms of verdict will be given you. One will read: "We, the jury, find for the plaintiff and assess his damages at the sum of $————." And the other will read: "We, the jury, find for the defendant." When you have arrived at a verdict, you will cause the one of these forms which meets your view to be signed by one of your number, whom you will select for that purpose, as foreman, and then all of you must return it into court. The .case is with you, gentlemen.

**The verdict of the jury was for the defendant.**